IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

|  |  |
|---|---|
| DAVID ONODERA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>KUHIO MOTORS INC.; DAN MACKEY; LIANE RIVERA; DOE PARTNERSHIPS, CORPORATIONS, GOVERNMENTAL UNITS OR OTHER ENTITIES 1-10,<br><br>　　　　　Defendants. | CIVIL NO. 13-00044 DKW- RLP<br><br>**ORDER GRANTING IN PART, DENYING IN PART, AND STAYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING DEFENDANTS' REQUEST FOR ATTORNEYS'  FEES** |

## ORDER GRANTING IN PART, DENYING IN PART, AND STAYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING DEFENDANTS' REQUEST FOR ATTORNEYS' FEES

## INTRODUCTION

Before the Court is Defendants Kuhio Motors, Inc. ("Kuhio Motors"),

Dan Mackey ("Defendant Mackey" or "Mackey"), and Liane Rivera's ("Defendant

Rivera" or "Rivera") (collectively, "Defendants") Motion for Judgment on the

Pleadings (the "Motion"), filed on May 3, 2013.  Plaintiff David Onodera

("Plaintiff") opposed the Motion and a hearing was held on August 9, 2013.  After

careful consideration of the supporting and opposing memoranda, the accompanying documentation, and the relevant legal authority, the Motion is hereby DENIED IN PART as to Plaintiff's retaliation claims under Title VII and Hawaii Revised Statutes ("HRS") Ch. 378 against Kuhio Motors; STAYED IN PART as to the HRS Ch. 378 retaliation claims against Defendant Mackey and Defendant Rivera in their individual capacities; and GRANTED IN PART on all other claims.  Defendants request for attorneys' fees is also DENIED.  Plaintiff is granted leave to amend the Complaint by September 24, 2013.

## <u>BACKGROUND</u>

Plaintiff was employed at Kuhio Motors beginning in August of 2006 as a parts manager.  He asserts that he was recognized for his performance as a parts manager and that he performed his job duties in a satisfactory manner.  Complaint ¶ 11; Cataldo Decl., Ex. A ("EEOC Charge") at 1.

Plaintiff alleges that he was subject to "various incidents" of harassment because of his gender (male) while working at Kuhio Motors.  However, Plaintiff describes only one specific instance of harassment or discrimination (the "restroom incident"):

> On February 29, 2012, Human Resources Manager Liane Rivera (female) entered the men's workplace restroom and began yelling at me about a comment I made about an employee's resignation.  At the time, I was at a urinal relieving myself.  I was offended by Rivera's behavior.  Later that day,

2

> Rivera drafted and issued me a counseling report that contained inaccurate information about the incident.

EEOC Charge at 1; *see* Complaint ¶¶ 13–15.  At the hearing, Plaintiff's counsel represented that the restroom incident was the most "glaring" of the "various incidents" of harassment and discrimination that occurred while Plaintiff was employed at Kuhio Motors but did not identify or describe any others.

Because he was offended by the restroom incident, Plaintiff submitted a complaint of sexual harassment on March 1, 2012 to Defendant Mackey, the president and owner of Kuhio Motors.  Although unspecific, Plaintiff alleges generally that Defendant Mackey did not address the complaint in an "appropriate" manner and that Defendant Rivera was not disciplined as a result of the restroom incident.  A few weeks later, on March 27, 2012, Plaintiff received written notice from Defendant Mackey terminating Plaintiff's employment with Kuhio Motors.  Plaintiff contends that this termination was in retaliation for his filing of the sexual harassment complaint.  EEOC Charge at 1; Complaint ¶¶ 17–18, 23.

Plaintiff filed a Charge of Discrimination with both the EEOC and the Hawaii Civil Rights Commission on May 3, 2012.  He received right to sue letters from both agencies on October 31, 2012, and December 7, 2012, respectively, and initiated this action on January 28, 2013, within the appropriate 90-day period.  The Complaint asserts the following claims:  violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.; violations of HRS

Ch. 368; violations of HRS Ch. 378; wrongful termination; intentional infliction of emotional distress; negligent infliction of emotional distress; violation of the public policy exception to "at-will" employment; and punitive damages. Defendants move for judgment on the pleadings for all claims.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) permits parties to move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'" *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Brooks v. Dunlop Mfg. Inc.*, No. 10-04341 CRB, 2011 WL 6140912, at *3 (N.D. Cal. Dec. 9, 2011)).

For a Rule 12(c) motion, the allegations of the nonmoving party are accepted as true, while the contradicting allegations of the moving party are assumed to be false. *See MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). "The Court inquires whether the complaint at issue contains 'sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face.'" *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Therefore, "'[a] judgment

on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Marshall Naify Revocable Trust v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. Cnty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999)).

## DISCUSSION

Defendants move for judgment on the pleadings on all eight counts[1] of Plaintiff's First Amended Complaint.  Defendants also request attorneys' fees. The Court DENIES the Motion as to Plaintiff's retaliation claim against Kuhio Motors under Title VII and HRS Ch. 378 and DENIES Defendants' request for attorneys' fees.  The Motion is STAYED as to the HRS Ch. 378 retaliation claims against Defendant Mackey and Defendant Rivera in their individual capacities. The Court GRANTS the Motion in all other respects.

## I.     Judicial Notice of the EEOC Charge

As a preliminary matter, Defendants request that the Court take judicial notice of the Plaintiff's EEOC Charge.  Plaintiff took no position on the request, but noted that Ninth Circuit precedent appears to permit the Court to take

---

[1] The First Amended Complaint contains typographical errors in the sequence of roman numerals for the eight claims asserted therein—e.g., skipping from Count IV to Count X in numbering. Accordingly, the Court will refer to the claims by the substantive law raised, as opposed to using the Complaint's roman numerals.  For clarity, the conclusion of this order does provide parenthetical references to the Complaint's roman numerals for the claims that are not granted judgment on the pleadings at this time.

judicial notice of an EEOC Charge as part of a motion for judgment on the pleadings.  "Although, as a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion, Fed. R. Civ. P. 12(d), it 'may take judicial notice of matters of public record' and consider them without converting a Rule 12 motion into one for summary judgment." *United States v. 14.02 Acres of Land*, 547 F.3d 943, 955 (9th Cir. 2008) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).  Because an EEOC Charge is a matter of public record, the Court grants Defendants' request to take judicial notice of that document.  *U.S. EEOC v. Global Horizons, Inc.*, 860 F. Supp. 2d 1172, 1193 n.5 (D. Haw. 2012); *Gallo v. Bd. of Regents of Univ. of Cal.*, 916 F. Supp. 1005, 1007 (S.D. Cal. 1995).

## II.   Title VII and HRS Ch. 378 Claims

Defendants move for judgment on the pleadings on Plaintiff's Title VII and HRS § 378-2 claims, arguing first that Plaintiff has failed to plead facts that would make these claims plausible.  Under these two statutory provisions, the Complaint asserts (1) a hostile work environment claim (alleging sexual harassment from the restroom incident) and (2) a retaliation claim for being terminated as a result of complaining of the sexual harassment.  Complaint ¶¶ 23, 27.  The Court holds that the Complaint and EEOC Charge fail to state a plausible hostile work environment claim.  However, the retaliation claim against

Kuhio Motors is plausible and thus survives the Motion.  Further, the state law

retaliation claims against Defendant Mackey and Defendant Rivera individually

are stayed pending a decision by the Hawai'i Supreme Court on individual liability

under HRS § 378-2.  The Court otherwise grants judgment on the pleadings for the

retaliation claims.

A.  **Hostile Work Environment Claims**

Regarding the hostile work environment claim due to sexual

harassment, Plaintiff generally asserts that "Defendants['] actions and decision

related to Plaintiff Onodera's employment with Defendant Kuhio Motors

constituted discrimination based on sex . . . ."  Complaint ¶ 23; *see id.* ¶ 27.  The

only specific factual support that Plaintiff discusses in the Complaint for his hostile

work environment claim (and for any claim) is the bathroom incident.  However,

even accepting all of the allegations of the bathroom incident as true, the Court

concludes that there is no plausible Title VII or HRS § 378-2 claim arising out of

that incident.

"To prevail on a hostile work environment sexual harassment claim,

the plaintiff must show that her work environment was both subjectively and

objectively hostile . . . .  The plaintiff also must prove that any harassment took

place because of sex."[2]  *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d

---

[2] The specific elements of a Title VII hostile work environment sexual harassment claim are that:

1027, 1034 (9th Cir. 2005) (internal citations and quotation marks omitted); HRS § 378-2 (forbidding discriminatory practices taken by an employer "because of . . . sex"). The Complaint and EEOC Charge give no indication that the bathroom incident involved any actions taken, or comments made, because of Plaintiff's sex. Further, there is no factual allegation to plausibly support that Defendant Rivera made any comments of a sexual nature as part of the bathroom incident. To the contrary, Plaintiff's own account indicates that Defendant Rivera "yelled at [Plaintiff] about a comment [he] made about an employee's resignation." EEOC Charge at 1. The fact that this occurred while Plaintiff "was at a urinal relieving [him]self," EEOC Charge at 1, does not transform, without something more, the bathroom incident into one of a sexual nature. *See Oncale v. Sundowner Offshore*

---

"(1) [plaintiff] was subjected to verbal or physical conduct of a sexual nature, (2) this conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."

*Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1055 (9th Cir. 2007) (quoting *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir. 1995)). Under HRS § 378-2, the elements of a hostile work environment sexual harassment claim are that:

(1) [the employee] was subjected to sexual advances, requests for sexual favors, or other verbal or physical conduct or visual forms of harassment of a sexual nature; (2) the conduct was unwelcome; (3) the conduct was severe or pervasive; (4) the conduct had the purpose or effect of either: (a) unreasonably interfering with the claimant's work performance, or (b) creating an intimidating, hostile, or offensive work environment; (5) the claimant actually perceived the conduct as having such purpose or effect; and (6) the claimant's perception was objectively reasonable to a person of the claimant's gender in the same position as the claimant."

*Nelson v. Univ. of Hawaii*, 97 Hawai'i 376, 390, 38 P.3d 95, 109 (2001) (emphasis omitted).

*Servs., Inc.*, 523 U.S. 75, 80 (1998) ("We have never held that workplace harassment, even harassment between men and women, is automatically discrimination because of sex merely because the words used have sexual content or connotations. 'The critical issue, Title VII's text indicates, is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed.'" (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 25 (1993) (Ginsburg, J., concurring))). Accordingly, Plaintiff has not stated a plausible claim for Title VII or HRS § 378-2 hostile work environment because there is nothing specifically pled that would indicate any harassment because of Plaintiff's sex.[3]

Therefore, the Court grants the Motion as to the hostile work environment sexual harassment claims under both Title VII and HRS § 378-2 against all Defendants.

**B.     Retaliation Claims**

Plaintiff also alleges retaliation claims against all the Defendants under Title VII and HRS § 378-2. EEOC Charge at 1 ("Respondent retaliated

---

[3] Additionally, both Title VII and HRS § 378-2 require that any harassment must be severe or pervasive. The Complaint and EEOC Charge specify only one incident—the bathroom incident. Even accepting all of the allegations as true, the description of the bathroom incident cannot plausibly support an argument that Defendants' harassment of Plaintiff was severe or pervasive. The Court notes that the Complaint generally refers to other "various incidents of harassment and an all[-]encompassing hostile work environment." Complaint ¶ 12. This is a vague statement with no specific factual allegations to support it. Consequently, this bare assertion of additional instances of harassment cannot preclude judgment on the pleadings in favor of Defendants for the hostile work environment claims.

against me for complaining about discrimination."). The Court concludes that judgment on the pleadings is proper for the Title VII claims against Defendant Mackey and Defendant Rivera in their individual capacities. However, the Court stays the HRS § 378-2 claims against Defendant Mackey and Defendant Rivera in their individual capacities pending a decision by the Hawaiʻi Supreme Court on the issue of individual liability under HRS § 378-2. Finally, the Court determines that Plaintiff's retaliation claims against Kuhio Motors are plausibly pled under both Title VII and HRS § 378-2 and thus survive the Motion.

## 1.   Retaliation Claims against Defendant Mackey and Defendant Rivera in Their Individual Capacities

"[I]ndividual defendants are not liable under Title VII." *Kang v. U. Lim America, Inc.*, 296 F.3d 810, 822 n.4 (9th Cir. 2002); accord *Hills v. Serv. Employees Int'l Union*, No. 11-56611, 2013 WL 2242987, at *1 (9th Cir. May 22, 2013) ("[T]here is no individual liability under Title VII." (citing *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993))); *Sherez v. State of Hawaii Dep't of Educ.*, 396 F. Supp. 2d 1138, 1145 (D. Haw. 2005) ("Individual employees, including supervisors, are not liable as employers under Title VII"). In his briefing, Plaintiff conceded that Defendant Mackey and Defendant Rivera are not individually liable under Title VII. Consequently, judgment on the pleadings is

10

proper for Plaintiff's Title VII claims against Defendant Rivera and Defendant

Mackey in their individual capacities.

Turning to the state law retaliation claims against Mackey and Rivera

individually, the Hawai'i Supreme Court has not yet spoken definitively in terms

of individual liability under HRS § 378-2.  The federal courts presented with the

question of individual liability under § 378-2 have relied on analogies to Title VII

and held that "there is no individual liability under Hawaii Revised Statutes § 378-

2(1)(A) and (2)."  *Lum v. Kauai County Council*, 358 Fed. Appx. 860, 862 (9th

Cir. 2009); *see Miller*, 991 F.2d at 587–88.   However, in a recent ruling by the

Hawai'i Intermediate Court of Appeals ("ICA") in *Lales v. Wholesale Motors Co.*,

No. 28516, 2012 WL 1624013 (Haw. App. May 9, 2012) (unpublished), *cert.

granted*, 2012 WL 4801373 (Haw. Oct. 9, 2012), the ICA held that "[a] plain

reading of the statutory provisions supports the conclusion that an individual

employee, who is an agent of an employer, can be held individually liable as an

'employer.'  Moreover, HRS § 378–2(3) clearly provides that 'any person[,]

whether an employee, employer, or not[,]' is subject to individual liability for

aiding and abetting the prohibited discriminatory practices."  *Id.* at *10.

If the Hawai'i Supreme Court affirms the ICA's ruling in *Lales*, this

Court will apply that decision in deciding the applicability of § 378-2 to individual

employees.  Until the Hawaii Supreme Court's rules, however, the Court stays the

portions of the Motion relating to the HRS § 378-2 retaliation claims against

Defendant Mackey and Defendant Rivera in their individual capacities.  This stay

relates to the Motion but does not apply to discovery.

### 2.   Retaliation Claims Against Kuhio Motors

Defendants contend that the retaliation claims against Kuhio Motors

under both Title VII and HRS § 378-2 fail because the claims cannot meet the

requisite elements, discussed below.  In particular, Defendants argue that the first

and third elements cannot be established by the pleadings.[4]  The Court disagrees

and denies the Motion as to the retaliation claims against Kuhio Motors both under

Title VII and HRS § 378-2.

Under Title VII, "[t]o make out a prima facie retaliation case, [an

employee] ha[s] to show [(1)] that she engaged in protected activity, [(2)] that she

suffered a materially adverse action, and [(3)] that there was a causal relationship

between the two.  *Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417,

423 (9th Cir. 2013).  Similarly, under HRS § 378-2, "the plaintiff must first

establish a prima facie case of . . . retaliation by demonstrating that (a) the plaintiff

(i) has opposed any practice forbidden by [HRS chapter 378, Employment

Practices, Part I, Discriminatory Practices] or (ii) has filed a complaint, testified, or

assisted in any proceeding respecting the discriminatory practices prohibited under

---

[4] Defendants do not challenge the second element and the Court agrees that the termination of
Plaintiff on March 27, 2012 was a materially adverse employment action.

this part, (b) his or her employer, labor organization, or employment agency

[has] . . . discharge [d], expel[led], or otherwise discriminate[d] against the

plaintiff, and (c) a causal link [has] exist[ed] between the protected activity and the

adverse action." *Schefke v. Reliable Collection Agency, Ltd.*, 96 Hawai'i 408, 426,

32 P.3d 52, 70 (2001) (quotation marks and internal citations omitted) (brackets in

original).

Defendants contend that Plaintiff's retaliation claims against Kuhio

Motors fail the first prima facie element of retaliation because the acts of Rivera

cannot be imputed to Kuhio Motors as the employer.  However, the cases cited by

Defendants plainly support the notion that a human resources manager (i.e.,

Defendant Rivera's position at Kuhio Motors) *can* act on behalf of an employer for

purposes of retaliation claims.  *See EEOC v. Crown Zellerbach Corp.*, 720 F.2d

1008, 1014 (9th Cir. 1983) (holding that a personnel manager "was an agent

appointed by [the employer] for purposes of employment matters" and thus, any

opposition to the personnel manager's conduct "[was] effectively objections to

'unlawful employment practices' by [the employer]").  Consequently, there is no

basis for Defendants' argument that Defendant Rivera's conduct during the

restroom incident could not be imputed to Kuhio Motors.[5]

---

[5] The Court notes that the Complaint does not state that Defendant Rivera is being sued in her official capacity.  However, this would not preclude the Court from considering Rivera's actions as the conduct of Kuhio Motors for the retaliation claims against Kuhio Motors.

For the third retaliation element, Defendants posit that causation is not established by the Complaint's recitation of the date that Plaintiff submitted the sexual harassment complaint, and the date of his termination less than four weeks later.  However, "in some cases, causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity." *Villiarimo v. Aloha Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002); *see Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) ("Causation sufficient to establish the third element of the prima facie case may be inferred from circumstantial evidence, such as the employer's knowledge that the plaintiff engaged in protected activities and the proximity in time between the protected action and the allegedly retaliatory employment decision.").  Accordingly, it is plausible that this element could be established from the facts pled.

Because the Complaint and EEOC Charge provide sufficient facts to support a plausible retaliation claim against Kuhio Motors, the Court denies the Motion as to the retaliation claims against Kuhio Motors that are raised both under Title VII and HRS § 328-2.

## III.   HRS Ch. 368

Defendants argue that HRS Ch. 368 is an administrative chapter to establish the procedures of the Hawaiʻi Civil Rights Commission and thus does not create any private right of action in that chapter itself.  Plaintiff conceded in his

briefing that his claim under HRS Ch. 368 should be dismissed.  Therefore, the

Court grants the Motion as to this claim.

## IV.   <u>Wrongful Termination and the Public Policy Exception to At-Will Employment</u>

Plaintiff vaguely asserts claims of "wrongful termination" and a

"violation of [the] public policy exception to [the] employment 'at will' rule

regarding wrongful discharge."  Complaint ¶¶ 28–29, 36–38.  In his briefing,

Plaintiff clarifies that these are claims arising under *Parnar v. Americana Hotels,*

*Inc.*, 65 Haw. 370, 380, 652 P.2d 625, 631 (1982) for wrongful discharge in

violation of public policy.  Putting aside the fact that the Complaint itself does not

enumerate *Parnar* as the basis for the claims, such a claim is improper where,

accepting all allegations as true, the same conduct would be a violation of Title VII

and HRS § 378-2.

*Parnar* claims "cannot stand where a statute provides a sufficient

remedy for the violation . . . .  Title VII and HRS § 378 expressly prohibit

workplace discrimination because of race and/or sex, and courts have found that as

a result, a plaintiff cannot state a *Parnar* claim based on the same conduct."

*Hughes v. Mayoral*, 721 F. Supp. 2d 947, 962 (D. Haw. 2010) (listing cases).

Plaintiff makes no arguments to counter this point and the Court concludes that the

claims for wrongful discharge and violations of public policy are improper because

they are based on allegations that would violate Title VII and HRS § 378-2.

*See, e.g., Ross v. Stouffer Hotel Co.*, 76 Hawai'i 454, 464, 879 P.2d 1037, 1047

(1994) (affirming the circuit court decision "that an independent *Parnar* claim

could not be maintained where the public policy upon which the claim is based is

embodied in a statute, i.e., Part I of HRS Chapter 378, that itself provides a

sufficient remedy for its violation").

The Motion is therefore granted as to Plaintiff's claims of wrongful

discharge and a violation of the public policy exception to at-will employment.

## V.   **Intentional Infliction of Emotional Distress ("IIED")**

Plaintiff's factual allegation supporting his IIED claim is limited to

one sentence which asserts that "Defendants actions and decisions related to

Plaintiff Onodera's employment with Defendant Kuhio Motors caused him to

suffer severe emotional and psychological stress."  Complaint ¶ 31.  However, the

only "actions and decision" that could be referred to is the same restroom incident

and the decision by Defendant Mackey to terminate Plaintiff as a result of

complaining of sexual harassment.  The Court concludes that neither of these

events are the type of outrageous conduct that could support an IIED claim.

As pled in the Complaint, Plaintiff's termination could not be an act to

support a claim of IIED.  "'Under Hawai'i law, termination alone is not sufficient

to support an IIED claim; rather, what is necessary is a showing of something

outrageous about the manner or process by which the termination was

accomplished.'" *Hollister v. Mrs. Gooch's Natural Food Markets, Inc.*, 919 F. Supp. 2d 1101, 1111 (D. Haw. 2013) (quoting *Ho-Ching v. City & Cnty. of Honolulu*, CV No. 07–00237 DAE-KSC, 2009 WL 1227871, at *12 (D. Haw. Apr. 29, 2009); *see Nelson v. Nat'l Car Rental Sys., Inc.*, CV No. 05-00374 JMS-LEK, 2006 WL 1814341, at *5 (D. Haw. June 30, 2006) ("A decision to terminate an employee, even an unlawful one, generally does not by itself constitute outrageous or extreme conduct sufficient to sustain a claim for IIED.").  Plaintiff proffers nothing in the pleadings or the EEOC Charge to indicate that his termination was outrageous in a way that would approach the level of conduct necessary to sustain an IIED claim.  *See Ross*, 76 at 465, 879 P.2d at 1048 ("Because [employee] has failed to adduce any evidence that [employer] acted unreasonably in the course of discharging him, we hold, on the record before us, that his claim for intentional infliction of emotional distress was properly dismissed on summary judgment.").

Further, as it is described in the Complaint and EEOC Charge, the restroom incident involving Defendant Rivera does not approach outrageous conduct that would cause extreme emotional distress.  *See Young v. Allstate Ins. Co.*, 119 Hawai'i 403, 429, 198 P.3d 666, 692 (2008) ("[T]he tort of IIED consists of four elements: '1) that the act allegedly causing the harm was intentional or reckless, 2) that the act was outrageous, and 3) that the act caused 4) extreme emotional distress to another.'" (quoting *Hac v. Univ. of Hawaii*, 102 Hawai'i 92,

106–07, 73 P.3d 46, 60–61 (2003))).  Yelling at an employee while they are in the restroom may be impolite, socially inappropriate, and lack tact, but under no reading of the alleged facts could the Court conclude that Defendants' conduct was outrageous or extreme.  *See Shoppe v. Gucci America, Inc.*, 94 Hawai'i 368, 387, 14 P.3d 1049, 1068 (2000) (holding, as a matter of law, that abusive verbal attacks by an employer directed at an employee did not amount to outrageous conduct to support an IIED claim).

Consequently, the Motion is granted as to the IIED claim.

## VI.    Negligent Infliction of Emotional Distress ("NIED")

Plaintiff's NIED claim asserts only that "Defendants actions and decision related to Plaintiff Onodera's employment caused him to suffer severe emotional and psychological stress."  Complaint ¶ 34.  The Court concludes that this claim fails because it pleads no actual injury to Plaintiff (or anyone else) that would have caused Plaintiff to suffer emotional distress to support an NIED claim.

"'[A]s a general matter, . . . the plaintiff must establish some predicate injury either to property or to another person in order [for] himself or herself to recover for [NIED].'"  *Kaho'ohanohano v. Dep't of Human Servs.*, 117 Hawai'i 262, 306–07, 178 P.3d 538, 582–83 (2008) (quoting *Doe Parents No. 1 v. State of Hawaii, Dep't of Educ.*, 100 Hawai'i 34, 69, 58 P.3d 545, 580 (2002)) (last brackets in original).  "As such, the law as it currently stands in Hawai'i is that an

NIED claimant must establish, incident to his or her burden of proving actual injury (i.e., the fourth element of a generic negligence claim), that someone was physically injured by the defendant's conduct, be it the plaintiff himself or herself or someone else." *Doe Parents No. 1*, 100 Hawai'i at 69–70, 58 P.3d at 580–81 (internal citation and emphasis omitted).  Plaintiff has not pled any injury to support his NIED claim other than a general reference to "emotional and psychological stress."  This is insufficient for this claim to survive the Motion. *See Fawkner v. Atlantis Submarines, Inc.*, 135 F. Supp. 2d 1127, 1133 (D. Haw. 2001) (granting summary judgment on an NIED claim based on termination from employment because, among other things, "[employee] has presented no evidence of any physical injury to himself or anyone else as the result of the termination of his Employment Agreement").

Consequently, the Motion is granted as to the NIED claim.

## VII.   **Punitive Damages**

Plaintiff asserts a separate claim within the Complaint for punitive damages and also seeks punitive damages in his prayer for relief.  Complaint ¶¶ 39–40, prayer for relief ¶ E.  The Court grants the Motion as to the separate claim for punitive damages because "a claim for punitive damages is not an independent tort, but is purely incidental to a separate cause of action." *Ross*, 76 Hawai'i at 466, 879 P.2d at 1049.  However, "[p]unitive damages are available for

19

retaliation claims in the employment context." *Hale v. Hawaii Publications, Inc.*, 468 F. Supp. 2d 1210, 1233 (D. Haw. 2006).  Because the Court holds that some of Plaintiff's retaliation claims survive this Motion, punitive damages are an available form of damages should Plaintiff prevail on those claims.

## VIII.  Request for Attorneys' Fees

Within the Motion, Defendants requested attorneys' fees should the Court grant the Motion.  Because the Court denies the Motion as to the retaliation claims against Kuhio Motors, Defendants' request for fees is premature and is thus denied.  Additionally, even if Defendants ultimately prevail on the retaliation claims (as well as the stayed state retaliation claims against Mackey and Rivera individually), the Complaint here is not "frivolous, unreasonable, or without foundation," such that Defendants would be entitled to attorneys' fees. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

## CONCLUSION

Defendants' Motion for Judgment on the Pleadings is hereby GRANTED IN PART, DENIED IN PART, and STAYED IN PART.  The Motion is DENIED as to Plaintiff's retaliation claims against Kuhio Motors under Title VII and HRS Ch. 378 (i.e., a part of Counts I and III).  Defendants' request for attorneys' fees is DENIED.  The Motion is stayed as to the HRS Ch. 378 retaliation claims against Defendant Mackey and Defendant Rivera in their

individual capacities (i.e., a part of Count III).  The Motion is GRANTED in all

other respects.  Plaintiff is granted leave to amend the Complaint by September 24,

2013.  If the Plaintiff chooses to amend, the Court admonishes Plaintiff to be

cognizant of any exhaustion requirements for claims and allegations not part of the

EEOC Charge.

IT IS SO ORDERED.

DATED:  HONOLULU, HAWAIʻI, August 23, 2013.



_____
Derrick K. Watson
United States District Judge

---

Onodera v. Kuhio Motors, et al.; CV 13-00044 DKW/RLP; ORDER GRANTING
IN PART, DENYING IN PART, AND STAYING IN PART DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING
DEFENDANTS' REQUEST FOR ATTORNEYS' FEES