IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DAVID ONODERA,<br><br>    Plaintiff,<br><br>  vs.<br><br>KUHIO MOTORS INC.; DAN MACKEY; LIANE RIVERA; DOE PARTNERSHIPS, CORPORATIONS, GOVERNMENTAL UNITS OR OTHER ENTITIES 1-10,<br><br>    Defendants. | CIVIL NO. 13-00044 DKW- RLP<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

On March 27, 2012, Kuhio Motors fired four-year parts department manager, David Onodera, less than a month after he complained of being harassed and discriminated against by Kuhio's human resources manager, Liane Rivera.  In February 2012, Rivera had entered the men's restroom to berate Onodera while he urinated with genitals exposed.  Because Onodera could have reasonably believed that his complaints to Kuhio were "protected activity," and because Kuhio terminated him soon after making these complaints, Kuhio's motion to dismiss

Onodera's retaliation and whistleblower claims is denied.  Defendants' motion to dismiss is granted in all other respects.

## BACKGROUND

On August 23, 2013, this Court granted in part, denied in part, and stayed in part Defendants' motion for judgment on the pleadings with regard to Onodera's original January 28, 2013 complaint.  Dkt. No. 32 ("August Order").  In doing so, the Court stayed Onodera's HRS 378-2 claims against Defendants Mackey and Rivera individually, pending clarification from the Hawai'i Supreme Court, and dismissed each of Onodera's remaining claims, with the exception of his Title VII and HRS § 378-2 retaliation claims against Kuhio.

On September 24, 2013, having been given leave, Onodera filed a first amended complaint ("FAC").  Like the original, the FAC again alleges that Onodera was subject to "various incidents" of harassment because of his gender while working at Kuhio.  However, only one such incident, including the report that followed (collectively, the "restroom incident"), is identified:

> 13.  On February 29, 2012, Plaintiff Onodera was subjected to discrimination based on sex (male) when Defendant Rivera (female) entered a men's restroom while Plaintiff Onodera and another male employee, Nicholas Pedro, were relieving themselves at urinals within the restroom.
>
> 14.  In violation of a company policy related to sexual harassment in the workplace, [Defendant Rivera] abruptly entered the men's restroom while Plaintiff

2

> Onodera and Nicholas Pedro had unzipped their pants and held their exposed genitalia while urinating.
>
> 15. Subsequently, Defendant Rivera began yelling at Plaintiff Onodera and additionally, inappropriately stared at Plaintiff Onodera's exposed genitalia as she violated Plaintiff Onodera's privacy. Defendant Rivera remained in the men's restroom for at least thirty seconds while Plaintiff Onodera and Mr. Pedro were partially exposed.
>
> 16. After Defendant Rivera exited the employee restroom, Plaintiff Onodera was clearly and outrightly offended, demeaned, and startled by Defendant Rivera's actions. In addition, Defendant Rivera's conduct and behavior, as explained above, was unwelcome to Plaintiff Onodera.
>
> 17. On February 29, 201[2], after the restroom incident, Defendant Rivera issued a false and inaccurate counseling report . . ., purposefully omitting the location of the incident. Defendant Rivera omitted the location of the incident because she knew that she may have sexually discriminated against Plaintiff Onodera. Defendant Rivera's omission was also in violation of company policy related to sexual harassment.

FAC ¶¶ 13–17, 32–36; *see* EEOC Charge at 1 ("On February 29, 2012, Human Resources Manager Liane Rivera (female) entered the men's workplace restroom and began yelling at me about a comment I made about an employee's resignation. At the time, I was at a urinal relieving myself. I was offended by Rivera's behavior. Later that day, Rivera drafted and issued me a counseling report that

contained inaccurate information about the incident.").[1]  Along with a hostile work environment as a result of the restroom incident, Onodera also alleges, for the first time, disparate treatment:

> Other female employees similarly situated to Plaintiff Onodera were not treated in the same ways he was treated in the workplace with respect to the Defendants['] failure to appropriately process and investigate his complaint of sex discrimination and his eventual termination on March 27, 2012.

FAC ¶ 43.

The FAC also describes Onodera's retaliation claim in more detail than the original complaint:

> 49. On March 1, 2012, based on Defendant Rivera's actions, Plaintiff Onodera held a reasonable belief that he had been discriminated based on sex and submitted a formal complaint of sex discrimination.  Plaintiff Onodera further made this complaint because he believed Defendant Rivera's conduct to be in violation of the relevant Federal and State laws and policies which protected against discrimination in the workplace.
>
> 50. When Plaintiff Onodera submitted his formal complaint of sex discrimination to Defendant Mackey [(Kuhio's President/Owner)], Defendant Mackey threatened that Plaintiff Onodera would be terminated.
>
> 51. Subsequently, Plaintiff Onodera simply requested that Defendant Mackey take proactive measures to rectify Defendant Rivera's false counseling report which omitted the location of the February 29, 2012 restroom

---

[1] As in the Motion for Judgment on the Pleadings, Defendants again request the Court to take judicial notice of the EEOC Charge.  The Court agrees to do so for the reasons described in the Court's August Order at 5–6.

>
> incident, and further, properly investigate Plaintiff Onodera's sex discrimination complaint in compliance with the company's sexual harassment policy.
>
> 52. On or about the first week in March 2012, Defendant Mackey requested that Plaintiff Onodera prepare a counseling report accurately explaining the Feb[ruary] 29, 2012 restroom incident, at which point he would sign off on it. Defendant Mackey also represented to Plaintiff Onodera that he would investigate his sex discrimination complaint.
>
> 53. From the first week in March 2012 up until Plaintiff Onodera's termination on March 27, 2012, no disciplinary and/or remedial measures were taken against Defendant Rivera by Defendant Kuhio Motors or Defendant Mackey. Further, Defendants failed to investigate Plaintiff[] Onodera's sex discrimination complaint in violation of the company's policy preventing sex discrimination in the workplace.
>
> . . .
>
> 56. On March 27, 2012, Plaintiff Onodera received written notice from Defendant Mackey that he was being terminated from his position with Defendant Kuhio Motors.

FAC ¶¶ 49–53, 56; *see* EEOC Charge at 1.

The FAC also adds a new claim against all Defendants for violation of the Hawai'i Whistleblower Protection Act ("HWPA"), HRS §378-62, alleging that:

> As a result of Plaintiff Onodera['s] complaint of [a] violation of a law to his employer, Defendant Mackey, acting on behalf of Defendant Kuhio Motors, threatened to terminate Plaintiff Onodera on March 1, 2012 and subsequently terminated Plaintiff Onodera on March 27, 2012, in direct retaliation for Plaintiff Onodera's previous complaints.

5

FAC ¶ 66.

In sum, the FAC asserts five claims:

<u>Count I</u>:  Title VII sex discrimination against Kuhio;

<u>Count II</u>:  Title VII retaliation against Kuhio;

<u>Count III</u>:  HRS §378-2 sex discrimination against all Defendants;

<u>Count IV</u>:  HRS §378-2 retaliation against all Defendants; and

<u>Count V</u>:  HRS §378-62 whistleblower protection violations against all Defendants.

Defendants move to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6).

## **STANDARD OF REVIEW**

Rule 12(b)(6) permits a motion to dismiss for failure to state a claim upon which relief can be granted.  Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not constitute a short and plain statement of the claim showing that the pleader is entitled to relief as required by Rule 8(a)(2).  *Id.* at 679.

## DISCUSSION

Defendants move to dismiss all five counts of the FAC.  The Motion is DENIED as to Onodera's retaliation and whistleblower claims against Kuhio and GRANTED in all other respects.  Each count of the FAC is addressed below.

### I.   Counts I and III:  Title VII and HRS § 378-2 Sex Discrimination

In the August Order, this Court concluded that even accepting all the allegations of the restroom incident as true, Onodera failed to state a hostile work environment claim because the allegations surrounding the restroom incident gave no indication of any actions taken, or comments made, *because of* Onodera's sex. Despite Onodera's amendments, the allegations in the FAC still do not state a plausible claim, entitling Defendants to dismissal.  The Court also dismisses the disparate treatment allegations for failure to exhaust.

"To prevail on a hostile work environment sexual harassment claim, the plaintiff must show that her work environment was both subjectively and

objectively hostile . . . . [and] that any harassment took place because of sex."[2]

*Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1034 (9th Cir. 2005) (internal citations and quotation marks omitted); HRS § 378-2 (forbidding discriminatory practices taken by an employer "because of . . . sex").

Despite Onodera's efforts at amendment, his allegations still do not support the notion that the restroom incident, and subsequent report, occurred because Onodera is male. The only noteworthy additions to the facts in the FAC are that: another male employee was also in the restroom at the time of the incident; Rivera "inappropriately stared at Onodera's exposed genitalia"; and Rivera remained in the restroom for at least thirty seconds while Onodera and the

---

[2] As the Court noted in the August Order, the specific elements of a Title VII hostile work environment sexual harassment claim are that:

> "(1) [Plaintiff] was subjected to verbal or physical conduct of a sexual nature, (2) this conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."

*Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1055 (9th Cir. 2007) (quoting *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir. 1995)). Under HRS § 378-2, the elements of a hostile work environment sexual harassment claim are that:

> (1) [the employee] was subjected to sexual advances, requests for sexual favors, or other verbal or physical conduct or visual forms of harassment of a sexual nature; (2) the conduct was unwelcome; (3) the conduct was severe or pervasive; (4) the conduct had the purpose or effect of either: (a) unreasonably interfering with the claimant's work performance, or (b) creating an intimidating, hostile, or offensive work environment; (5) the claimant actually perceived the conduct as having such purpose or effect; and (6) the claimant's perception was objectively reasonable to a person of the claimant's gender in the same position as the claimant."

*Nelson v. Univ. of Hawaii*, 97 Hawai'i 376, 390, 38 P.3d 95, 109 (2001) (emphasis omitted).

other male employee were "partially exposed." FAC ¶¶ 33–34. These allegations do not alter Onodera's own explanation that the restroom incident was the product of an argument between himself and Rivera that began outside of and continued into the restroom and concerned "comments [Onodera] made about [another] employee's resignation." EEOC Charge at 1.

Further, in describing Rivera's report as an act of sex discrimination, Onodera conclusorily states that, "Defendant Rivera omitted the location of the incident because she knew that she may have sexually discriminated against Plaintiff Onodera." FAC ¶ 17, 36. This allegation is tantamount to a threadbare recital of an element supported only by a conclusory statement, which is insufficient to survive dismissal. *Iqbal*, 555 U.S. at 678.[3]

The FAC also briefly alludes to a claim of disparate treatment:

> Other female employees similarly situated to Plaintiff Onodera were not treated in the same ways [Onodera] was treated in the workplace with respect to the Defendants['] failure to appropriately process and investigate his complaint of sex discrimination and his eventual termination on March 27, 2012.

FAC ¶ 43. Defendants contend that Onodera failed to exhaust his administrative remedies with regard to this allegation, and that even if he had exhausted his remedies, the allegation is a bare legal conclusion, insufficient to state a claim.

---

[3]Although the Court need not reach the question of whether the conduct alleged by Onodera was sufficiently severe or pervasive to alter his working conditions, the Court is extremely skeptical that the single incident cited by Onodera is enough to meet the *Fuller* or *Nelson* test. *See* August Order at 9 n.3.

Onodera counters that the disparate treatment claim would be expected to grow out of what he alleged in the EEOC Charge, and thus his disparate treatment claim was exhausted. The Court agrees with Defendants.

"The district court has subject matter jurisdiction over allegations of discrimination that either '[fall] within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination.'" *Yamaguchi v. U.S. Dep't of the Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997) (quoting *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994)). There is no dispute that Onodera did not explicitly state allegations related to disparate treatment in the EEOC Charge. Opp. at 11. Thus, Onodera is not contending that the EEOC actually investigated disparate treatment, but instead argues that in liberally construing his EEOC Charge, a disparate treatment claim could have reasonably grown out of the allegations therein. The Court disagrees.

There is nothing in the EEOC Charge that would point the EEOC to the possibility of a disparate treatment claim. "[T]he inquiry into whether a claim has been sufficiently exhausted must focus on the factual allegations made in the charge itself, describing the discriminatory conduct about which a plaintiff is grieving." *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 637 (9th Cir. 2002). Examining the EEOC Charge here, the factual allegations relate

exclusively to the restroom incident, the report of that incident by Rivera, Onodera's complaint to Mackey about the restroom incident, and Onodera's termination. Nothing in these allegations would have reasonably caused the EEOC to investigate similarly situated female employees, and, indeed, no such investigation occurred. Nor do these allegations suggest that the EEOC should have looked into any differences in how Kuhio handled discrimination complaints brought by its male and female employees. Moreover, allegations of disparate treatment "clearly would not have been necessary to, or addressed in, the scope of an investigation into the conduct of [Rivera and Mackey]." *Id.* In short, because allegations of disparate treatment would not have been expected to grow out of the investigation of Onodera's EEOC Charge, and no such disparate treatment claim was expressly alleged, Onodera has failed to exhaust administrative remedies with regard to disparate treatment. *Id.* at 637–38.

Counts I and III are dismissed in their entirety.

## II. Count II and IV: Title VII and HRS § 378-2 Retaliation

Onodera asserts Title VII and HRS § 378-2 retaliation claims against Kuhio (Counts II and IV).[4] Defendants contend that the retaliation claims fail

---

[4] While Onodera also asserts his state law-based retaliation claims (Count IV) against Defendants Mackey and Rivera individually, those claims are expressly precluded by Hawai'i law. *Lales v. Wholesale Motors Co.*, 2014 WL 560829, at *10 (Haw. Feb. 13, 2014). Moreover, although the Court dismisses Onodera's state law-based sex discrimination claims (Count III) for the reasons discussed *infra, Lales* also mandates dismissal of the portion of Count III asserted against Defendants Mackey and Rivera individually.

11

because there was no actual discrimination by Kuhio in violation of Title VII or HRS § 378-2 and Onodera could not have held a reasonable, good-faith belief that the restroom incident (and the subsequent reporting of that incident) was an unlawful employment practice. Defendants also argue that the retaliation claims should be dismissed because Rivera's conduct related to the restroom incident was not an employment practice by Kuhio sufficient to trigger the protections of Title VII or HRS § 378-2. Both arguments are unavailing.

Under Title VII, "[t]o make out a prima facie retaliation case, [an employee] ha[s] to show [(1)] that she engaged in protected activity, [(2)] that she suffered a materially adverse action, and [(3)] that there was a causal relationship between the two. *Westendorf v. W. Coast Contractors of Nev., Inc.*, 712 F.3d 417, 423 (9th Cir. 2013). The requirements for retaliation under HRS § 378-2 are essentially the same. *Schefke v. Reliable Collection Agency, Ltd.*, 96 Hawai'i 408, 426, 32 P.3d 52, 70 (2001). Defendants only contest the first element.

An employee's complaint regarding an allegedly unlawful employment practice is a "protected activity" for purposes of retaliation—regardless of whether the practice was *actually* unlawful—so long as the employee's belief that an unlawful practice occurred was reasonable. *See Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 969 (9th Cir. 2001); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000);

*Moyo v. Gomez*, 40 F.3d 982, 985 (9th Cir. 1994). Onodera alleges that he complained of sex discrimination and harassment to Mackey immediately following the restroom incident. FAC ¶¶ 37-38, 40, 49, 51, 55. This complaint qualifies as protected activity so long as Onodera's belief that he was harassed and discriminated against was reasonable. The Court concludes that it was.

"If a person has been subjected to only an isolated incident, a complaint about that incident does not constitute protected activity unless a reasonable person would believe that the isolated incident violated Title VII [or HRS § 378-2]. This reasonable person determination requires '[l]ooking at all the circumstances, including the frequency of the discriminatory conduct[ ][and] its severity.'" *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 964 (9th Cir. 2009) (quoting *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270–71 (2001)) (first alteration added).

At the motion to dismiss stage, taking all of Onodera's allegations as true and drawing all inferences in his favor, the Court concludes that Onodera held a reasonable belief that he was harassed and discriminated against because of his gender. Although the Court has determined above that Onodera failed to sufficiently plead an actual claim of harassment or gender discrimination arising out of the restroom incident, this does not preclude a retaliation claim based on a mistaken belief that there was discrimination:

13

> [A] complaint about treatment of someone not covered by discrimination laws can nonetheless give rise to a retaliation claim if the complaining party reasonably believed that that person was covered. It follows that an individual who is reasonably mistaken about her own coverage by employment discrimination laws may assert a claim for retaliation.

*Strother v. S. Cal. Permanente Medical Group*, 79 F.3d 859, 869 (9th Cir. 1996); *see Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994) ("An erroneous belief that an employer engaged in an unlawful employment practice is reasonable . . . if premised on a mistake made in good faith. A good-faith mistake may be one of fact or of law."). "[E]ven in instances in which a claim is based on a single incident of harassment, 'the test in the Ninth Circuit is whether the complaining party has an objectively reasonable belief, with due allowance given for lack of legal knowledge . . . .'" *Whitley v. City of Portland*, 654 F. Supp. 2d 1194, 1215 (D. Or. 2009) (quoting *Figueroa v. Paychex, Inc.*, 1999 WL 717349, at *11 (D. Or. Sept. 7, 1999)) (some internal quotation marks omitted); *see Moyo*, 40 F.3d at 985 ("The reasonableness of [an employee's] belief that an unlawful employment practice occurred must be assessed according to an objective standard—one that makes due allowance, moreover, for the limited knowledge possessed by most Title VII plaintiffs about the factual and legal bases of their claims.").

Accepting Onodera's allegations as true, Rivera, a female, entered the men's restroom while Onodera and another male employee were relieving themselves and were partially exposed. Rivera stared at the two partially exposed

male employees and yelled at Onodera for a comment he had made related to another employee's resignation. Although, as discussed above, these allegations are ultimately insufficient to support direct claims of discrimination or harassment going forward, it was objectively reasonable for Onodera, who presumably had limited legal knowledge, to view the restroom incident as a possible act of sex discrimination or harassment. It is obviously neither typical, nor generally appropriate, for a person to enter the restroom of the opposite gender and see other employees partially exposed, relieving themselves. A reasonable person in this situation would likely feel uncomfortable and could, without understanding the legal requirements of a successful discrimination claim, believe that they were subject to sexual harassment and/or discrimination. *See, e.g., Whitley*, 654 F. Supp. 2d at 1215 (holding that a single conversation with a supervisor related to the employee's clothing was not Title VII sex discrimination, but allowing the retaliation claim to go forward, even at summary judgment, because "the imposition of a bright-line rule that employees must undergo either a sufficiently serious single incident or possess legal certainty that conduct violates Title VII before qualifying for protection from retaliation would run directly contrary to the well-established rule that an employee who in good faith reports discrimination or harassment is protected from retaliation even if a subsequent investigation revealed no unlawful employment action had occurred.").

Defendants also reassert the argument that Rivera's acts do not amount to an employment practice of Kuhio necessary to satisfy the first prima facie element. Consistent with Ninth Circuit law, this Court previously held that a human resources manager, like Rivera, can act on behalf of an employer for purposes of retaliation. August Order at 13 (citing *EEOC v. Crown Zellerbach Corp.*, 720 F. 2d 1008, 1013–14 (9th Cir. 1983)).

Defendants now emphasize that Onodera only alleges a single incident, not a continuing "practice," and that Rivera was not responsible for hiring or firing. These arguments are unpersuasive. Employees can be permitted to proceed on retaliation claims based on a single incident. *See, e.g.*, *Lavarias v. Hui O Ka Koa, LLC*, 2007 WL 3331866, at *6–10 (D. Haw. Nov. 7, 2007). Further, drawing all inferences in favor of Onodera, the FAC alleges that Rivera, as Kuhio's human resources manager, was responsible for employment matters, which is sufficient to impute her conduct to Kuhio. *Crown Zellerbach,* 720 F. 2d at 1013–14.

Accordingly, Onodera has stated a retaliation claim against Kuhio under both Title VII and HRS § 378-2. *See Lalau v. City and County of Honolulu*, 938 F. Supp. 2d 1000, 1011 (D. Haw. 2013) (analysis is the same for claims under both Title VII and HRS 378-2).

## III. Count V: HWPA Claim

Onodera alleges that the conduct supporting the retaliation claim also gives rise to a violation of the HWPA and therefore asserts a claim under HRS § 378-62 against all Defendants.[5] In seeking dismissal of the HWPA claim, Defendants make the same arguments that they set forth to dismiss Onodera's retaliation claims: that is, that Onodera did not have an objectively reasonable belief that Defendants' conduct was in violation of the law. Because the Court disagrees with Defendants, as discussed in the previous section, *infra*, Count V likewise remains against Kuhio.

Count V, however, cannot stand as against Defendants Mackey and Rivera individually. In *Lales*, the Hawai'i Supreme Court held that, "[i]ndividual employees are . . . not liable as 'employers' for harassment and retaliation claims under HRS §§ 378-2(1)(A) and 378-2(2)." *Lales v. Wholesale Motors Co.*, 2014 WL 560829, at *10 (Haw. Feb. 13, 2014). This decision was based on the Hawai'i Supreme Court's interpretation of the definition of "employer" under HRS § 378-1. *Id.* at *12–17. This Court previously analyzed the meaning of "employer"

---

[5]The elements of an HWPA claim are similar to the prima facie elements for retaliation:

> First, there must be a showing that the employee engaged in protected conduct as it is defined by the HWPA. Second, the employer is required to take some adverse action against the employee. Third, there must be a causal connection between the alleged retaliation and the whistleblowing.

*Griffin v. JTSI, Inc.*, 654 F. Supp. 2d 1122, 1131 (D. Haw. 2008) (internal quotation marks and citation omitted).

17

under HRS 378-2 and under the HWPA, and concluded that the definition under both statutes is the same:

> Nothing in the legislative history of section 378–62 and of section 378–61 evidences any intent that the definition of "employer" in section 378–61 be read more broadly than the definition in section 378–1. . . . It makes little sense to treat claims under section 378–2(2) differently from identical claims under section 378–62 . . . . Because the legislature did not clearly indicate an intent to include individuals in the definition of "employer" in section 378–61, this court does not stretch to give that statute such a meaning.

*Lum v. Kauai County Council*, 2007 WL 3408003, at *20–21 (D. Haw. Nov. 9, 2007). Accordingly, in light of *Lales*, and the extension of its application to the HWPA, the Court dismisses Count V as against Defendants Rivera and Mackey individually. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (trial court may *sua sponte* dismiss for failure to state a claim without notice or an opportunity to respond where "the plaintiffs cannot possibly win relief" (alteration, citation and internal quotation marks omitted)).

## IV. <u>Amendment</u>

Onodera seeks leave to amend to cure any defects in the FAC identified by this Court. However, such amendment would be futile. In the August Order, and at oral argument, the Court noted the difficulty in relying solely on the restroom incident to support Onodera's harassment and sex discrimination claims. The Court also cautioned Onodera to be mindful of exhaustion

18

requirements when considering the addition of any new claims. August Order at 7, 21. In response, the FAC provides no additional instances of harassment or discrimination, and Onodera's efforts to provide more detail as to the restroom incident are still insufficient to support Counts I and III against Kuhio. Further, amendment would not cure Onodera's inability to bring individual claims against Defendants Rivera or Mackey under Title VII, HRS 378-2 or the HWPA. Accordingly, Onodera is denied leave to amend. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("Although a district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment. A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously amended." (internal brackets, quotation marks, and citations omitted)).

## CONCLUSION

Defendants' Motion to Dismiss Plaintiff's First Amended Complaint is hereby DENIED IN PART and GRANTED IN PART. The Motion is DENIED as to Onodera's retaliation claims against Kuhio under Title VII and HRS § 378-2 and Onodera's HWPA claims against Kuhio under HRS § 378-62. The Motion is

GRANTED in all other respects, and no claims remain against Defendants Mackey or Rivera individually.

   IT IS SO ORDERED.

   DATED: HONOLULU, HAWAI'I, March 13, 2014.



Derrick K. Watson
United States District Judge

---

Onodera v. Kuhio Motors, et al.; CV 13-00044 DKW/RLP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT